IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| WILLIAM J. HILL, | ) |
| | ) |
| Plaintiff, | ) 2:22-CV-00012-CRE |
| | ) |
| vs. | ) |
| | ) |
| WESTMORELAND COUNTY PRISON, | ) |
| WEXFORD HEALTH SOURCES INC., | ) |
| BRYAN L. KLINE, ERIC B. SCHWARTZ, | ) |
| DEPUTY WARDEN OF TREATMENT; | ) |
| AND GEORGE LOWTHER, DEPUTY | ) |
| WARDEN OF SECURITY; and SEAN | ) |
| KERTES; | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM OPINION[1]

Cynthia Reed Eddy, Chief United States Magistrate Judge.

*Pro se* Plaintiff William J. Hill initiated four separate civil actions in this court between November 8, 2021, and January 4, 2022, against Defendants Westmoreland County Prison ("WCP"), Bryan L. Kline, Eric B. Schwartz, George Lowther, Sean Kertes, and Wexford Health Sources, Inc. ("WHS"). On April 4, 2022, this Court consolidated the four cases at docket number 22-cv-12. This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF Nos. 4, 20, 21).

Presently before this Court is a consolidated motion to dismiss each Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim filed by Defendant WHS. (ECF No. 24). For the reasons that follow, WHS's motion is granted, and Plaintiff is instructed to file a new consolidated Complaint.

## I. BACKGROUND

### A. The Opioid Complaint

On November 8, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis* and complaint against Defendants Kertes, WCP, Schwartz, and WHS, which was docketed at 21-cv-1613 ("the Opioid Complaint"). (ECF No. 1, 6). According to Plaintiff, since June 16, 2020, the "prison and medical department knows" that he has opioid use disorder and "failed to provide" the correct treatment for his withdrawal symptoms. Opioid Complaint (ECF No. 6) at ¶ II(B). Plaintiff appears to be asserting the following claims against all Defendants: claims pursuant the Eighth (deliberate indifference to serious medical need) and Fourteenth Amendments; a claim under the Americans with Disabilities Act ("ADA"); and a claim under the Rehabilitation Act. *Id*. at ¶ IV(D). Plaintiff seeks both injunctive and declaratory relief, as well as both compensatory and punitive damages. *Id*. at ¶ VI. With respect to WHS specifically, Plaintiff asserts that he "was told that [WHS] does not offer my request for medication for opioid use disorder (MOUD) or medication assisted treatment (MAT) at this prison." *Id*. at ¶ VII(F)(2).

On March 21, 2022, WHS filed a motion to dismiss all claims against it. (ECF No. 25). On the same day, Defendants Kertes, Schwartz, and WCP filed an Answer. (ECF No. 27).

### B. The Hepatitis Complaint

On November 9, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis* and complaint against Defendants WHS, WCP, Lowther, and Schwartz, which was docketed at 21-cv-

1619 ("the Hepatitis Complaint"). (ECF Nos. 1, 6). According to Plaintiff, since June 16, 2020, he has been denied treatment for Hepatitis C. Hepatitis Complaint (ECF No. 6) at ¶ II(D). Plaintiff appears to be asserting the following claims against all Defendants: Fourteenth Amendment (Due Process and Equal Protection); Fifth Amendment (Due Process); Eighth Amendment (deliberate indifference to serious medical need); and the "state" constitution. *Id*. at ¶¶ II (B), IV(D). Plaintiff seeks both injunctive and declaratory relief, as well as both compensatory and punitive damages. *Id*. at ¶ VI. With respect to WHS specifically, Plaintiff asserts he was told by an employee of WHS that the treatment costs too much. *Id*. at ¶ VII(F)(3).

On March 21, 2022, WHS filed a motion to dismiss all claims against it. (ECF No. 27). On the same day, Defendants Lowther, Schwartz, and WCP filed an Answer. (ECF No. 29).

    C. *The Seizure Complaint*

On December 14, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis* and complaint against WCP, Schwartz, Lowther, and WHS, docketed at 21-cv-1814 ("the Seizure Complaint"). (ECF Nos. 1, 6). In this Complaint, Plaintiff asserted that because all jail cells are constantly illuminated, he cannot sleep. It appears he is also asserting that this lighting caused him to have a seizure, and he was denied care by the medical department. Seizure Complaint (ECF No. 6) at ¶ V. Plaintiff appears to be asserting the following claims against all Defendants: Fourteenth Amendment; Eighth Amendment; intentional infliction of emotional distress; negligence; and failure to train. *Id*. at ¶¶ IV(B), V, VII(C). Plaintiff seeks both injunctive and declaratory relief, as well as both compensatory and punitive damages. *Id*. at ¶ VI.

On March 21, 2022, Defendants Lowther, Schwartz, and WCP filed an Answer. (ECF No. 15). On March 22, 2022, WHS filed a motion to dismiss all claims against it. (ECF No. 16).

    D. *The Radon Complaint*

On January 4, 2022, Plaintiff filed a motion for leave to proceed *in forma pauperis* and complaint against WCP, WHS, Kline, Schwartz, and Lowther, docketed at 22-cv-12 ("the Radon Complaint"). In this Complaint, Plaintiff asserted, *inter alia*, that exposure to excessive radon and coronavirus are putting him at risk for serious medical conditions. Plaintiff appears to be asserting the following claims against all Defendants: Eighth Amendment; intentional infliction of emotional distress; and negligence. *Id*. at ¶¶ II(B), IV(B). Plaintiff seeks both injunctive and declaratory relief, as well as both compensatory and punitive damages. *Id*. at ¶ VI.

On March 21, 2022, Defendants Kline, Lowther, Schwartz, and WCP filed an Answer. (ECF No. 16). On March 22, 2022, WHS filed a motion to dismiss all claims against it. (ECF No. 17).

   E.  *The Consolidated Motion to Dismiss*

On April 20, 2022, this Court entered an order consolidating the four cases and ordering WHS to file a single motion to dismiss. (ECF No. 23). On May 3, 2022, WHS, pursuant to this Court's order, filed the instant motion to dismiss and brief in support thereof. (ECF Nos. 24, 25). On August 23, 2022, Plaintiff filed a response, and on September 13, 2022, WHS filed a reply. (ECF Nos. 30, 33). This motion is now ripe for disposition.

II.  **STANDARD OF REVIEW**

   A.  *Motion to Dismiss Standard*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need to allege detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555.  A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level" and be "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

5

possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

B.  *Pro se PLRA Standard*

Because Plaintiff is proceeding *in forma pauperis*, his complaint "is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the [] Complaint if, among other things, it fails to state a claim." *Holliday v. Prime Care Med.*, 2021 WL 242469, at *4 (E.D. Pa. Jan. 25, 2021). Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Moreover, "[t]he United States Court of Appeals for the Third Circuit has ruled that if a District Court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it

must *sua sponte* 'permit a curative amendment unless such an amendment would be inequitable or futile.'" *Wojnarowski v. Wetzel*, 2020 WL 8513503, at *4 (W.D. Pa. Nov. 10, 2020), report and recommendation adopted, 2021 WL 71393 (W.D. Pa. Jan. 8, 2021) (quoting *Phillips*, 515 F.3d at 245).

## III.   DISCUSSION

As discussed *supra*, because Plaintiff is proceeding *pro se*, this Court will view the facts, complaints, and briefs as expansively as possible in assessing the claims presented by Plaintiff against Defendants.  Here, Plaintiff sets forth a series of claims, all of which surround the conditions of his confinement at WCP.  Plaintiff complains about numerous aspects of those conditions, and appears to be asserting each claim against each Defendant.

However, the only Defendant who has filed a motion to dismiss is WHS.  WHS is asserting numerous substantive reasons Plaintiff's Complaints against it should be dismissed with prejudice.  Specifically, WHS asserts the following: 1) that all Fifth Amendment, Eighth Amendment, Fourteenth Amendment, ADA, Rehabilitation Act, and Pennsylvania constitution claims should be dismissed for failure to state a claim; 2) that any claims against WHS should be dismissed pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); 3) that Plaintiff has not asserted facts to support punitive damages; 4) that the claims for declaratory relief are improper; and 5) that Plaintiff has failed to exhaust administrative remedies. WHS's Br. (ECF No. 25) at 7-22.

The following principles guide our review of this *pro se* prisoner civil rights complaint with respect to the allegations against WHS.  "'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Holliday v. Prime Care Med.*, No. 19-CV-4564, 2021 WL 242469, at *5 (E.D. Pa. Jan. 25, 2021)

(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Importantly, [a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Id*. (internal quotation marks omitted). "Indeed, '[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id*. (quoting *Iqbal*, 556 U.S. at 676.).

This Court points out that with respect to WHS specifically, Plaintiff has not brought claims against individuals or employees of WHS, but rather only against WHS itself. In *Monell*, the Supreme Court held a municipality may be held liable for constitutional violations under § 1983 where the "government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. at 694; *see also Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) ("In order to hold Wexford liable [under § 1983], Sims must have alleged facts to state a claim that Wexford had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue."). Thus, WHS may only be liable for claims related to the Fifth, Eighth, and Fourteenth Amendments where Plaintiff has asserted a custom, policy, or practice that led to his injury. Accordingly, in considering each of the claims against WHS set forth by Plaintiff, this Court will address whether a policy, custom, or practice has been alleged.

A. Fifth Amendment

Plaintiff makes a reference to the Fifth Amendment in the Hepatitis Complaint. *See* Hepatitis Complaint (ECF No. 6) at ¶ II(B). "The Fifth Amendment provides, in pertinent part, that '[n]o person shall...be deprived of life, liberty, or property, without due process of law.' U.S. Const. amend. V." *Sonsini v. Lebanon Cnty*., 2021 WL 602734, at *16 (M.D. Pa. Feb. 16, 2021). "The Due Process Clause of the Fifth Amendment, however, applies only to the federal

government and federal officials. It does not apply to the acts or conduct of the states, their agencies, subdivisions, or employees." *Id*.

Here, because Plaintiff has not set forth any claims against federal actors, WHS's motion to dismiss the Fifth Amendment claims are granted, and those claims are dismissed with prejudice, as amendment would be futile.

B. Eighth Amendment

Plaintiff asserts Eighth Amendment claims in all of his Complaints; however, with respect to WHS, a medical defendant, this Court only considers Plaintiff's claims that he was denied access to medical care. A fair reading of the Opioid Complaint reveals that Plaintiff is alleging that WHS failed to provide Plaintiff adequate medical care to treat his Opioid Use Disorder. *See* Opioid Complaint (ECF No. 6) at ¶ II(B). In the Hepatitis Complaint, Plaintiff asserts that he was denied necessary medication in violation of the Eighth Amendment. *See* Hepatitis Complaint (ECF No. 6) at ¶ IV(D). Plaintiff alleges he was told that the treatment was too expensive. *Id*. at ¶ VII(E)(3). Finally, in the Seizure Complaint, Plaintiff asserts that he was denied medical care for a seizure he suffered. Seizure Complaint (ECF No. 6) at ¶ V.

"Acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs constitute cruel and unusual punishment under the Constitution." *Wisniewski v. Frommer*, 751 F. App'x 192, 195 (3d Cir. 2018) (internal citations and quotation marks omitted). "To prove that a prison official acted with deliberate indifference, a § 1983 plaintiff must make two separate showings: (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious." *Id*.

As discussed *supra*, Plaintiff has not set forth claims against individual medical personnel, but has only named WHS as a Defendant. "In order to hold Wexford liable [under § 1983], [a

9

plaintiff] must have alleged facts to state a claim that Wexford had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue." *Sims*, 635 F. App'x at 20. Plaintiff has not adequately set forth any policy, custom, or practice that was applied to him at this juncture. Accordingly, WHS's motion to dismiss is granted, and Plaintiff's Eighth Amendment claims against Wexford are dismissed without prejudice.

    C. Fourteenth Amendment

        a. *Procedural Due Process*

While not entirely clear, Plaintiff attempts to assert a claim for the violation of his Fourteenth Amendment Procedural Due Process rights. *See* Hepatitis Complaint (ECF No. 6) at ¶ II(B). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law." *Haynes v. Leach*, 2022 WL 4542096, at *4 (E.D. Pa. Sept. 28, 2022). It is well settled that "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Id*. at *3.

In each of the Complaints, Plaintiff asserts that he filed grievances with WHS. A claim that a grievance was denied or not handled properly does not give rise to a constitutional violation. *See Rosado v. Bell*, 2020 WL 5608641, at *5 (M.D. Pa. Sept. 18, 2020) ("[I]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a 1983 claim.") (internal quotation marks omitted). Accordingly, WHS's motion to dismiss Plaintiff's Fourteenth Amendment due process claims are granted, and these claims are dismissed without prejudice.

        b. *Equal Protection*

Plaintiff also attempts to assert a violation of his Fourteenth Amendment right to Equal Protection. *See* Hepatitis Complaint (ECF No. 6) at ¶ II(B). "The Equal Protection Clause of the Fourteenth Amendment directs that no state shall "deny to any person within its jurisdiction the equal protection of the laws." *Borrell v. Bloomsburg Univ.*, 955 F. Supp. 2d 390, 404-05 (M.D. Pa. 2013) (quoting U.S. Const. amend. XIV, § 1). To state a claim under this theory, a plaintiff must assert that "he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Id*. at 405. Plaintiff has not set forth any allegations that he was being treated different from others similarly situated, let alone that there was no rational basis for such treatment. Accordingly, WHS's motion to dismiss Plaintiff's Fourteenth Amendment claim is granted, and the claim is dismissed without prejudice.

D. ADA and RA Claims

Plaintiff asserts claims pursuant to the ADA and RA in the Opioid Complaint. Specifically, he claims that the inability to obtain medication to treat his withdrawal symptoms violated his rights under these acts. Opioid Complaint (ECF No. 6) at ¶ IV(D).

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

> "The 'substantive standards for determining liability [under the ADA and Rehabilitation Act] are the same.'" *Gibbs v. City of Pittsburgh*, 989 F.3d 226, 229 (3d Cir. 2021) (quoting *McDonald v. Pa. Dep't of Pub. Welfare, Polk Ctr*., 62 F.3d 92, 95 (3d Cir. 1995)). The Court may therefore "address both claims in the same breath." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009).

11

> To state a claim under the ADA or the Rehabilitation Act, Plaintiff must allege that he 1) is a qualified individual with a disability, 2) who was precluded from participating in a service, program, or activity, or otherwise was subject to discrimination, 3) because of his disability. *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019). The phrase "service, program, or activity" is "extremely broad in scope and includes anything a public entity does." Furgess, 933 F.3d at 289 (citation omitted).

*Strickland v. Delaware Cnty.*, 2022 WL 1157485, at *2 (E.D. Pa. Apr. 19, 2022).

In *Strickland*, the District Court concluded that a prisoner with opioid use disorder is a qualified individual with a disability who was precluded from participating in regular prison activities due to being denied these medical services. However, in *Strickland*, the plaintiff asserted that the prison had a policy of denying treatment for opioid use disorder. In the instant matter, Plaintiff has not asserted that WHS has such a policy. Accordingly, WHS's motion to dismiss is granted, and Plaintiff's ADA and RA claims are dismissed without prejudice.

E. State Constitution and State Law Claims

Throughout his complaints, Plaintiff makes references to the "State" constitution and state-law claims of negligence, medical malpractice,[2] and intentional infliction of emotional distress. Because this Court is granting the motion to dismiss all federal claims at this juncture, this Court also grants the motion to dismiss as to any related claims under the State Constitution and the state-law claims without prejudice.

F. Declaratory Relief

Plaintiff seeks an "order declaring that the Defendants acted in violation of the United States Constitution." *See* Opioid Complaint (ECF No. 6) at ¶ VI; Hepatitis Complaint (ECF No. 6) at ¶ VI; Seizure Complaint (ECF No. 6) at ¶ VI; and Radon Complaint (ECF No. 6) at ¶ VI.

---

[2] To the extent Plaintiff wishes to include a claim for medical malpractice, he must comply with Pennsylvania Rule of Civil Procedure 1042.3, regarding the filing of a certificate of merit. *See Booker v. United States*, 366 F. App'x 425, 426 (3d Cir. 2010).

> Congress, through the Declaratory Judgment Act, provides "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Our Court of Appeals requires declaratory judgments "have utility" and "be of significant practical help in ending the controversy." While Rule 57 of the Federal Rules of Civil Procedure states "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," our Court of Appeals urges courts to exercise their discretion to decline proceeding with declaratory judgments when they duplicate other claims.

*Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 231 (E.D. Pa. 2019) (footnotes omitted).

Here, Plaintiff seeks a declaration that WHS is liable for the claims Plaintiff is bringing against it. Such a claim is duplicative of the other tort claims set forth in the Complaints; therefore, this Court declines to entertain a claim for this relief. *See id.* at 233 ("Courts generally decline granting declaratory relief when the claim for declaratory judgment is entirely duplicative of another claim in the cause of action."). Accordingly, WHS's motion is granted, and Plaintiff's claims for declaratory judgment are dismissed without prejudice.

G. Punitive Damages

In each Complaint, Plaintiff seeks punitive damages against Defendants. *See* Opioid Complaint (ECF No. 6) at ¶ VI; Hepatitis Complaint (ECF No. 6) at ¶ VI; Seizure Complaint (ECF No. 6) at ¶ VI; and Radon Complaint (ECF No. 6) at ¶ VI.

"The Supreme Court has held that municipalities are not subject to punitive damages claims under section 1983. *City of Newport et. al., v. Fact Concerts*, 453 U.S. 247 [] (1981)." *Irvin v. Borough of Darby*, 937 F. Supp. 446, 451 (E.D. Pa. 1996). "The Third Circuit and district courts in this circuit have generally followed this ruling." *Id*. Accordingly, because WHS is a municipal defendant, Plaintiff cannot recover punitive damages against it. Thus, WHS's motion to dismiss is granted and any claims against WHS for punitive damages are dismissed with prejudice.

H. Failure to Exhaust Administrative Remedies

WHS also asserts that Plaintiff's Complaints should be dismissed because he has failed to exhaust his administrative remedies. Attached to the Opioid Complaint is a grievance filed by Plaintiff on August 23, 2021, where he states that WHS has failed to provide him proper treatment for his opioid use disorder. Opioid Complaint (ECF No. 6-1). Attached to the Hepatitis Complaint is a grievance filed by Plaintiff on April 17, 2021, where he complaints about lack of treatment. Hepatitis Complaint (ECF No. 6-3). WHS asserts that Plaintiff "failed to file appropriate grievances regarding" these claims. WHS's Br. (ECF No. 25) at 20.

> A prisoner's failure to exhaust administrative remedies pursuant to the PLRA is an affirmative defense that must be pleaded and proven by the defendant. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (citing *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997)). The court can consider this contention on a motion to dismiss only if it "present[s] an insuperable barrier to recovery by the plaintiff." *Id*. at 295 n.8 (quoting *Flight Sys., Inc. v. Electronic Data Sys. Corp*., 112 F.3d 124, 127 (3d Cir. 1997)).

*Rodenbaugh v. Santiago*, 2017 WL 194238, at *7 (E.D. Pa. Jan. 18, 2017).

Here, Plaintiff represents numerous times that he has attempted to comply with the grievance procedures; accordingly, it is not appropriate for this Court to resolve this issue at this time. Thus, WHS's motion to dismiss on this basis is denied.

IV. **CONCLUSION**

Based on the foregoing, WHS's motion to dismiss is granted and denied in part. Specifically, WHS's motion to dismiss for failure to exhaust administrative remedies is denied. WHS's motion to dismiss the Fifth Amendment and punitive damages claims is granted, and those claims are dismissed with prejudice. WHS's motion to dismiss the Eighth Amendment, Fourteenth Amendment Due Process, Fourteenth Amendment Equal Protection, ADA, RA, state law and declaratory judgment claims is granted, those claims are dismissed without prejudice, and Plaintiff is granted leave to file a single, consolidated amended complaint.

An appropriate Order follows.

Dated: December 16, 2022 . BY THE COURT:

s/ Cynthia Reed Eddy

United States Magistrate Judge

cc: WILLIAM J. HILL
QN-6490
SCI CHESTER
500 East 4th Street
Chester, PA 19013

*via U.S. Mail*

Counsel of record

*via electronic filing*