IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| WILLIAM J. HILL,<br><br>        Plaintiff,<br><br>vs.<br><br>WESTMORELAND COUNTY PRISON, WEXFORD HEALTH SOURCES INC., BRYAN L. KLINE, ERIC B. SCHWARTZ, DEPUTY WARDEN OF TREATMENT; AND GEORGE LOWTHER, DEPUTY WARDEN OF SECURITY; and SEAN KERTES;<br><br>        Defendants, | 2:22-CV-00012-CRE |

**MEMORANDUM OPINION AND ORDER DISMISSING CASE[1]**

Cynthia Reed Eddy, United States Magistrate Judge.

On February 14, 2023, the Court entered an Order directing Plaintiff to show cause by February 28, 2023, why this case should not be dismissed for failure to prosecute and for Plaintiff's non-compliance with Court Orders. (ECF No. 36).

The time for responding to the Order to Show Cause has now passed. Therefore, consistent with the February 14, 2023, Order, and pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747, F.2d 863 (3d Cir. 1984), the case now is subject to dismissal.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF Nos. 4, 20, 21).

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.,* 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. *Harris v. City of Philadelphia,* 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In *Poulis*, the Court of Appeals for the Third Circuit set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. <u>The extent of the party's personal responsibility.</u>

2

Plaintiff is proceeding in this matter *pro se*. This Court entered a Memorandum Opinion and Order on December 16, 2022, granting in part and denying in part Defendants' motion to dismiss, and ordered Plaintiff to file an Amended Complaint within 30 days of the Court's order, or by January 16, 2023. (ECF Nos. 34, 35). Plaintiff did not file an Amended Complaint. Nor did Plaintiff respond to this Court's rule to show cause. There is no indication that Plaintiff failed to receive any of the Orders the Court has mailed him. The responsibility for his failure to comply is Plaintiff's alone.

2. <u>Prejudice to the adversary</u>.

Plaintiff has prejudiced Defendants since his failure to file an Amended Complaint has made it impossible for this Court to determine on what claims Plaintiff wishes to proceed. Plaintiff initially filed four separate complaints against a total of seven different defendants, forcing each to retain attorneys and expend time and energy to resolve this matter. By failing to respond to this Court's orders, disposition of this matter has been unduly delayed.

3. <u>A history of dilatoriness</u>.

Plaintiff has made no effort to move this case forward and has ignored two of this Court's orders. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. <u>Whether the party's conduct was willful or in bad faith.</u>

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. <u>Alternative sanctions</u>.

Plaintiff is proceeding *pro se*, and thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

      6.      <u>Meritorious of the claim or defense.</u>

Sixth, for the reasons set forth in this Court's Memorandum Opinion granting in part and denying in part Defendant's motion to dismiss, it is not possible at this juncture to determine the meritoriousness of any of Plaintiff's claims. In summary, the majority of the *Poulis* factors weigh heavily in favor of dismissal.

Based on the discussion above, this action will be dismissed with prejudice for failure to prosecute. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| WILLIAM J. HILL,<br><br>          Plaintiff,<br><br>vs.<br><br>WESTMORELAND COUNTY PRISON, WEXFORD HEALTH SOURCES INC., BRYAN L. KLINE, ERIC B. SCHWARTZ, DEPUTY WARDEN OF TREATMENT; AND GEORGE LOWTHER, DEPUTY WARDEN OF SECURITY; and SEAN KERTES;<br><br>          Defendants, | 2:22-CV-00012-CRE |

**ORDER**

      **AND NOW**, this 15th day of March, 2023, it is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

                                                                              s/Cynthia Reed Eddy
                                                                              Cynthia Reed Eddy
                                                                              United States Magistrate Judge

cc:    WILLIAM J. HILL
        QN-6490
        SCI CHESTER
        500 East 4th Street
        Chester, PA 19013
        *via U.S. Mail*

        Counsel of record
        *via electronic filing*